PER CURIAM.
The appellant has filed its timely petition for review of a final order of a Department of Administrative Hearing Officer declaring that its Rule 10-2, Part VII, constitutes an invalid exercise of delegated legislative authority.
The Department caused to be published in the Florida Administrative Weekly notice *955 of its intention to incorporate the Departmental Forms Index in the Florida Administrative Code, by reference only. The Florida Project Directors Association objected to this procedure alleging that appellant’s failure to publish the entire index of forms in the Florida Administrative Code would deny to them free and complete access to the forms index. The proposed rule to which objection was leveled provides:
“Department Forms Index. The Departmental Forms Index is hereby incorporated by this rule and made a part of the rules of the Department. Copies of this document and any amendments thereto are available at no more than cost pursuant to the Florida Administrative Code 10-2 and may be obtained from the Office of Assistant Secretary for Administrative Services. . . . ”
Section 120.53, Florida Statutes (1977) requires all agencies to adopt rules which shall include “. . .a list of all forms and instructions used by the agency in its dealings with the public.” The rule that is objected to by the appellees in this case would simply by reference adopt Departmental Forms Index. The hearing officer held that the appellant’s Forms Index cannot be incorporated by reference into the Florida Administrative Code unless it is generally available to affected persons. The hearing officer further observed:
“. If the framers of the Model Rules anticipated that compliance with the Public Records Act would be sufficient to permit incorporation of a rule by reference, there would be no need for the language . . which is generally available to affected persons . . .’ to be set out in the rule.”
The hearing officer concluded by holding that the proposed adoption of a forms index through publication by reference in the Florida Administrative Code does not comport with the requirement for publication of rules set out in the Administrative Procedure Act and the Model Rules of Procedure. Having so concluded, it was ordered and considered that the appellant’s proposed Departmental Forms Index Rule which would adopt by reference such Departmental Forms Index constituted an invalid exercise of delegated legislative authority and that such proposed rule was therefore invalid. We agree.
The only authority for the incorporation of a form index contemplates the incorporation by reference of such index material and form that are generally available to affected persons. We, therefore, conclude that all forms used by the appellant in its dealings with the general public may be adopted by reference in a proposed rule when and only when such proposed rule reference clearly states the title of the form which title must clearly identify such form as to content and purpose. Reference to such listing would place a person in a position to order a particular form rather than to order the complete index in order to then determine what form need be purchased.
The order of the hearing officer is hereby AFFIRMED.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.